E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 13 2016 1:07 PM

KEVIN STOCK
COUNTY CLERK
NO: 16-2-06976-8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFFREY L. WILSON, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) |
| | ) (Civil Rights) |
| THE WASHINGTON STATE DEPARTMENT | ) |
| OF HEALTH AND HUMAN SERVICES, an | ) |
| agency of the State of Washington; BOB | ) |
| FERGUSON, Attorney General of the State of | ) |
| Washington; and DOES 1 through 50; | ) |
| | ) |
| Defendants. | ) |
| | ) |

COMES NOW Plaintiff Jeffrey L. Wilson, by and through the undersigned attorney, and for

causes of action against the above-named Defendants, alleges and avers as follows:

## I.    PARTIES

1.    Plaintiff Jeffrey L. Wilson was at all times relevant hereto a resident of Pierce

County, Washington. Defendant DSHS is the operator of the facility at McNeil Island where

plaintiff was housed.

COMPLAINT FOR DAMAGES - 1

**Civil Rights Justice Center** PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    2.    The Washington State Department of Social and Health Services (DSHS), is now,

2    and at all times mentioned herein was, an agency of the State of Washington, duly organized and

3    existing under the laws of the State of Washington.

4    3.    Each Defendant, including DOES 1-50, in doing the things complained of herein,

5    was acting under color of law and within the course and scope of his employment by the State of

6    Washington.

7    4.    Each defendant is, and at all times herein mentioned was, an agent of the other and

8    acting within the course and scope of that agency in causing the harm as herein alleged.

9                                    **II.    VENUE**

10    5.    All of the acts described in this Complaint occurred within the State of Washington,

11    County of Pierce. Thus, the Pierce County Superior Courthouse is the appropriate forum for this

12    matter.

13                                **III.    INTRODUCTION**

14
15    6.    This is an action for damages for violations of civil rights sustained by a citizen of

16    Tacoma, Washington, against DSHS and against the unnamed persons and entities individually

17    who, through their failure to afford plaintiff his due process rights under the United States

18    Constitution, have caused plaintiff to suffer deprivation of his civil and constitutional rights, as

19    well as severe mental and emotional distress.

20    7.    This is also an action to establish that RCW 71.09, Washington's civil commitment

21    statutory scheme for sexually violent predators, is unconstitutional as applied to plaintiff because

22    its application resulted in violations of plaintiff's due process rights under the United States

23    Constitution.

COMPLAINT FOR DAMAGES - 2                              **Civil Rights Justice Center** PLLC
                                                       2150 North 107ᵗʰ St. Ste. 520
                                                       Seattle, Washington 98133
                                                       (206) 557-7719 / Fax: (206) 659-0183

## IV.    FACTS

8.        On or about December 15, 1994, plaintiff Jeffrey L. Wilson was incarcerated for a period of approximately 18 months after being convicted of Communication with a Minor for Immoral Purposes, which is a sex offense pursuant to RCW 9.68A.090.

9.        Having completed his sentence for that crime, plaintiff was released from jail on approximately June 1, 1996.

10.       On June 11, 2001, while in a cocaine-induced psychosis, plaintiff entered a public women's bathroom. His psychotic episode had convinced him that he needed to hide there from people who were trying to get him, and that the women's bathroom was the last place they would look for him.

11.       When entering and hiding within the women's bathroom, plaintiff had absolutely no intent to do or cause violence or harm to any person. His only intent was to hide from people who he believed intended to do harm to him.

12.       Had plaintiff not been under the influence of cocaine, and therefore in a psychotic state, the incident would not have occurred.

13.       Plaintiff was arrested on that same date, June 11, 2001, for this occurrence, and was held in the Pierce County Jail.

14.       Plaintiff was released the next day, June 12, 2001, and was never charged with any crime relating to the June 11 incident.

15.       In July of 2001, the State filed a civil commitment proceeding against plaintiff under RCW 71.09 on the basis that he was a sexually violent predator, and that the June 11, 2001 incident constituted a "recent overt act."

16.       On July 19, 2001, plaintiff voluntarily turned himself in to the police.

COMPLAINT FOR DAMAGES - 3

17.     Plaintiff was held in custody on McNeil Island from July of 2001 until April 19, 2013, when he was finally released.

18.     During the time plaintiff was in custody, he was awaiting trial on the State's petition to have him civilly committed as a sexually violent predator. Under RCW 71.09.050(1), plaintiff had a right to a trial, in front of a jury if plaintiff so demands, within 45 days to determine whether he was a sexually violent predator subject to civil commitment.

19.     Plaintiff did not have his first trial until six years later in *July of 2007*. This trial resulted in a hung jury and plaintiff remained in custody.

20.     The State rescheduled plaintiff's second trial for *January 2009*.

21.     Seven continuances were granted for this trial, all but one at the insistence of or through the acts of the State.

22.     Plaintiff did not finally get his second trial until 2011.  This trial also resulted in a hung jury. Following this, and following a determination by the State's expert that plaintiff no longer met the criteria for a sexually violent predator, plaintiff was released from custody on April 19, 2013.

23.     Plaintiff was in custody, awaiting the trial he was entitled to within 45 days under RCW 71.09.050(1), for *almost 12 years*.

24.     Plaintiff has suffered irreparable damage as the result of these violations of his due process rights. Plaintiff lost almost 12 years of his life; plaintiff suffers from anxiety, PTSD, and other mental health and physical problems as a result of his incarceration.

## V.     FIRST CLAIM FOR RELIEF

**(Procedural Due Process - 42 USC § 1983 - Violation of Fourteenth Amendment)**

COMPLAINT FOR DAMAGES - 4

25.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 27 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

26.     Plaintiff has a procedural due process right, under the Fourteenth Amendment to the U.S. Constitution, not to be deprived of his liberty without due process of law.

27.     RCW 71.09 *et seq*., and more specifically, RCW 71.09.050(1), create a procedural due process right to a trial within 45 days after a probable cause hearing is held.

28.     By detaining plaintiff for almost 12 years without the trial he was entitled to, defendants deprived plaintiff of his Fourteenth Amendment right to be free from deprivation of his liberty without due process of law. By these actions, defendants, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest guaranteed by the Fourteenth Amendment

29.     As a direct and proximate result of the actions and omissions described in this complaint, plaintiff suffered loss of his liberty and freedom. Being deprived of his liberty for almost 12 years has caused emotional damage, trauma, considerable disturbance in his life, insomnia, and other symptoms, all to his damage in an amount to be ascertained according to proof at trial.

30.     Defendants subjected plaintiff to such deprivation of liberty by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

## VI.      SECOND CLAIM FOR RELIEF

**(Substantive Due Process - 42 U.S.C. § 1983, Violation of Fourteenth Amendment)**

COMPLAINT FOR DAMAGES - 5

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

31.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

32.    The Fourteenth Amendment of the U.S. Constitution guarantees plaintiff a substantive due process right to protection from deprivation of his liberty.

33.    By detaining plaintiff for almost 12 years without the trial he was entitled to under RCW 71.09.050(1), defendants deprived plaintiff of his Fourteenth Amendment right to substantive due process.

34.    By these actions as described herein, defendants, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest guaranteed by the Fourteenth Amendment.

35.    Being deprived of his liberty for almost 12 years has caused emotional damage, trauma, considerable disturbance in his life, PTSD, insomnia, and other symptoms, all to his damage in an amount to be ascertained according to proof at trial.

36.    The actions of the individual defendants, as described in this complaint, were deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

## VII.    THIRD CLAIM FOR RELIEF

### (Monell Claim)

COMPLAINT FOR DAMAGES - 6

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

37.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

38.     It is believed and therefore averred that DSHS has a custom, policy, pattern, and practice of holding persons for trial under RCW 71.09.050(1) in excess of the 45 day statutory period in violation of Fourteenth Amendment to the U.S. Constitution. This conduct is routinely ratified and affirmed by DSHS resulting in a policy or governmental custom and practice which caused economic and emotional harm to plaintiff.

### VIII.   FOURTH CLAIM FOR RELIEF

**(Unlawful Seizure - 42 U.S.C. § 1983, Violation of Fourth Amendment)**

39.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 41 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

40.     Plaintiff suffered detention for almost 12 years without his statutorily-mandated trial at McNeil Island. This detention was unlawfully caused by the initial delay of 6 years before plaintiff's first trial, the prosecution's requests for at least 6 continuances of plaintiff's second trial which did not occur until 2011, and its failure to release plaintiff from custody until April 19, 2013.

41.     This detention constituted an unlawful seizure of plaintiff in violation of his Fourth and Fourteenth Amendment right to be free from unreasonable seizure. A seizure of almost 12 years of plaintiff's person is patently unreasonable.

42.     As a direct and proximate result of the actions described in this complaint, plaintiff sustained actual damages. The emotional damages and trauma plaintiff experienced are ongoing,

COMPLAINT FOR DAMAGES - 7

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1    causing significant disturbance in his life. Plaintiff remains emotionally distraught from having

2    lived through this traumatic experience and continues to suffer from PTSD, insomnia, extreme

3    disturbance to his life, and other harm, all entitling him to damages in an amount to be proved at

4    trial.

5                              IX.    FIFTH CLAIM FOR RELIEF

6                          (Unconstitutionality As-Applied – RCW 71.09)

7          43.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45

8    with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim

9    for Relief.

10          44.    Under RCW 71.09.030(1)(e), the State may file a sexually violent predator petition

11    against a person "who at any time previously has been convicted of a sexually violent offense and

12    has since been released from total confinement and has committed a recent overt act."

13          45.    Under RCW 71.09.020(12), "recent overt act" is defined as "any act, threat, or

14    combination thereof that has either caused harm of a sexually violent nature or creates a reasonable

15    apprehension of such harm in the mind of an objective person who knows of the history and mental

16    condition of the person engaging in the act or behaviors."

17          46.    The State based its sexually violent predator petition against plaintiff on the June

18    11, 2001 incident where plaintiff, while in a cocaine-induced psychotic state, hid in a women's

19    bathroom from imaginary persons who were trying to get him.

20          47.    Plaintiff's acts on June 11, 2001 were not acts that caused harm of a sexually violent

21    nature.

22          48.    Plaintiff's acts on June 11, 2001 were not acts that would case a reasonable

23    apprehension of harm of a sexually violent nature in an objective person who knew the history and

**COMPLAINT FOR DAMAGES - 8**

mental condition of plaintiff. Plaintiff has never committed an act of wrongdoing while not under the influence of alcohol or drugs, and a person who knew that he was under the influence of a psychotic episode and was attempting to hide would not have a reasonable apprehension of harm of a sexually violent nature caused by plaintiff.

49.     The State initiated its the sexually violent predator petition against plaintiff five and a half weeks after he was released from custody on June 12, 2001, having never been charged with a crime based on his acts on June 11, 2001. The petition was predicated on plaintiff's actions on June 11, 2001.

50.     RCW 71.09.020(12) requires a "recent" overt act. Five and a half weeks is not "recent." The State could have initiated its sexually violent predator petition against plaintiff before releasing him from custody, or immediately thereafter. Plaintiff committed no other "overt acts" within the meaning of the statute during the time he was free from confinement.

51.     RCW 71.09.020(12) is unconstitutional as applied to plaintiff, because it deprived him of his constitutional rights to liberty under the Fourth and Fourteenth Amendments without due process of law.

52.     As a proximate result of such conduct, plaintiff was deprived of his liberty and suffered substantial damages according to proof at trial.

## X.     PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief against defendants:

A.     For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B.     For punitive damages against all individually named defendants;

C.     For reasonable attorney's fees and costs pursuant to the law;

COMPLAINT FOR DAMAGES - 9

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    D.    For costs of suit incurred herein; and

2    E.    For such other and further relief as the Court may deem just.

3

4    DATED this 13th day of April, 2016.

5                                        CIVIL RIGHTS JUSTICE CENTER, PLLC

6

7                                        */s/ Darryl Parker*
                                         **Darryl Parker**, WSBA #30770
                                         Attorney for Plaintiff
8                                        2150 N 107th Street, Suite 520
                                         Seattle, WA 98133
9                                        (206) 557 – 7719 / Fax: (206) 659 – 0183
                                         dparker@CivilRightsJusticeCenter.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**COMPLAINT FOR DAMAGES** - 10