1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JEFFREY L. WILSON,

8                           Plaintiff,

9           v.

10    STATE OF WASHINGTON, et al.,

11                          Defendants.

12

CASE NO. C16-5366BHS

ORDER DENYING MOTION TO
AMEND

13          This matter comes before the Court on Plaintiff Jeffrey Wilson's ("Wilson")

14    motion for leave to file second amended complaint (Dkt. 11). The Court has considered

15    the pleadings filed in support of and in opposition to the motion and the remainder of the

16    file and hereby denies the motion for the reasons stated herein.

17                              **I. PROCEDURAL HISTORY**

18          On April 13, 2016, Wilson filed a civil rights complaint against Defendants the

19    Washington State Department of Health and Human Services ("DSHS"), Attorney

20    General of the State of Washington Bob Ferguson, and Does 1 though 50 in Pierce

21    County Superior Court for the State of Washington.  Dkt. 1-1.

22

On April 28, 2016, Wilson filed an amended complaint adding Defendant State of Washington.  Dkt. 1–2 ("FAC").

On June 16, 2016, Wilson filed the instant motion requesting leave to file a second amended complaint.  Dkt. 11.  On June 30, 2016, Defendants Bob Ferguson, State of Washington, and DSHS ("Defendants") responded.  Dkt. 13.  Wilson did not reply.

## II. FACTUAL BACKGROUND

Wilson alleges that he was unconstitutionally detained at Washington's Special Commitment Center ("SCC") for sexually violent predators from July 19, 2001 until April 19, 2013.  FAC ¶¶ 18–24.  Wilson seeks leave to amend to name two of the Doe defendants and to add a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment based on the denial of medical and dental care at the SCC.  Dkt. 11.

## III. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice requires."  "[T]his policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The proposed amendments, however, shall not be made in bad faith, result in undue delay, cause prejudice to the opposing party, or be futile.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  The party opposing the amendment bears the burden of showing it is improper.  *Id*.

In this case, Defendants oppose all three proposed amendments.  First, Defendants argue that Wilson's Eighth Amendment dental and medical care claims are barred by the

1    three-year statute of limitations.  Dkt. 13 at 3–4.  Although Wilson failed to respond to

2    this argument, the statute of limitations may be equitably tolled for various reasons.

3    Without a discussion of tolling, the Court is unable to determine whether Wilson's claims

4    are futile.  Regardless, Wilson's proposed claim is futile because the Eight Amendment

5    does not apply to pretrial detainees or civilly committed individuals.  "The 'more

6    protective' Fourteenth Amendment standard applies to conditions of confinement for

7    pretrial detainees and requires the government to do more than provide minimal

8    necessities." *Graves v. Arpaio*, 48 F. Supp. 3d 1318, 1334 (D. Ariz. 2014) (quoting

9    *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004)).  "Under the Fourteenth

10   Amendment's due process clause, the State must provide adequate medical care to SVPs

11   and other involuntarily civilly committed individuals." *Hubbs v. Cty. of San Bernardino,*

12   *CA*, 538 F. Supp. 2d 1254, 1265 (C.D. Cal. 2008).  Therefore, the Court denies Wilson

13   leave to amend to add an Eighth Amendment claim.  As a result, at this time, the Court

14   also denies Wilson leave to amend to add Dr. Leslie Sziebert.

15          Second, Wilson seeks leave to amend to identify Assistant Attorney General Todd

16   Bowers ("Bowers") as one of the Doe defendants.  Dkt. 11 at 4.  Wilson alleges that, in

17   June of 2001, Bowers issued the warrant for Wilson's civil commitment.  Dkt. 12-1, ¶ 19.

18   While it appears that this act is barred by the statute of limitations, the Court is unable to

19   definitively conclude that the amendment is futile because Wilson did not respond to

20   Defendants' arguments.  Based on the current record, it is sufficient to conclude that

21   Wilson knew of Bowers and failed to add him to the complaint before the apparent

22

expiration of the statute of limitations.  *See Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999).  Therefore, the Court denies Wilson's motion to add Bowers.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Wilson's motion to amend (Dkt. 11) is **DENIED.**

Dated this 20th day of July, 2016.

BENJAMIN H. SETTLE
United States District Judge