1
2
3
4
5         UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
6                     AT TACOMA

7  JEFFREY L. WILSON,
8                 Plaintiff,                CASE NO. C16-5366BHS
9        v.                                 ORDER GRANTING MOTION
                                            TO AMEND
10 STATE OF WASHINGTON, et al.,
11                Defendants.
12

13     This matter comes before the Court on Plaintiff Jeffrey Wilson's ("Wilson")

14 motion for leave to file a second amended complaint (Dkt. 11). The Court has considered

15 the pleadings filed in support of and in opposition to the motion and the remainder of the

16 file and hereby denies the motion for the reasons stated herein.

17                            **I. PROCEDURAL HISTORY**

18     On April 13, 2016, Wilson filed a civil rights complaint against Defendants

19 Washington State Department of Health and Human Services ("DSHS"), Attorney

20 General of the State of Washington Bob Ferguson, and Does 1 though 50 in Pierce

21 County Superior Court for the State of Washington. Dkt. 1-1.

22

On April 28, 2016, Wilson filed an amended complaint adding Defendant State of Washington. Dkt. 1–2 ("FAC"). On May 17, 2016, Defendants Bob Ferguson, State of Washington, and DSHS ("Defendants") removed to this Court. Dkt. 1.

On June 16, 2016, Wilson filed a motion requesting leave to file a second amended complaint. Dkt. 11. On June 30, 2016, Defendants responded. Dkt. 13. Wilson did not reply. On July 20, 2016, the Court denied the motion. Dkt. 14.

On August 4, 2016, Wilson filed the instant motion for leave to file a second amended complaint. Dkt 15. On August 15, 2016, Defendants responded. Dkt. 17. On August 19, 2016, Wilson replied. Dkt. 20.

## II. FACTUAL BACKGROUND

Wilson alleges that he was unconstitutionally detained at Washington's Special Commitment Center for sexually violent predators from July 19, 2001 until April 19, 2013. FAC ¶¶ 18–24. Wilson seeks leave to amend for the following purposes: (1) to name one of the Doe defendants; (2) "to add one additional cause of action . . . due to violation of his Fourteenth Amendment Due Process right to reasonably safe conditions of confinement, including adequate medical care"; and (3) "to add a few facts relating to the denial of medical and dental care to him, as well as the unconstitutional conditions of his confinement." Dkt 15 at 2.

## III. DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice requires." "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079

(9th Cir. 1990). The proposed amendments, however, shall not be made in bad faith, result in undue delay, cause prejudice to the opposing party, or be futile. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing the amendment bears the burden of showing it is improper. *Id*.

Defendants oppose amending the complaint on the basis that such an amendment would be futile. They argue that the applicable three-year statute of limitations set forth in RCW 4.16.080(2) has already run. Dkt. 17 at 3. Wilson responds that the statute of limitations was tolled pursuant to RCW 4.16.190(1) or, in the alternative, RCW 4.100.090. Dkt. 20 at 3. He also contends that the limitation should be equitably tolled. *Id.* at 3–4.

Wilson's proposed new claim raises a concern regarding the statute of limitations, especially where he seeks to add both a new claim and the facts supporting that claim. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) ("[O]riginal and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."). Wilson's proposal to substitute a doe defendant raises the same concern. *See Cox v. Treadway*, 75 F.3d 230, 239–40 (6th Cir. 1996) (naming "John Doe" defendants in complaint does not serve as commencement of case against real defendants unless requirements of Fed. R. Civ. P. 15(c) for relation back of amended complaints are met); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999).

Nonetheless, Defendants have failed to show that Wilson's claims are clearly futile. Instead, Defendants raise issues that are more appropriately addressed in a fully

briefed dispositive motion. For example, the issues of tolling will most likely require further development of the record as it is rarely clear from the complaint alone that a party is not entitled to some form of tolling. Similarly, the Court need not address Wilson's request that the amended complaint relate back until the issue is raised in a dispositive motion.

Wilson may add his additional allegations and claims.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Wilson's motion to amend (Dkt. 15) is **GRANTED.**

Dated this 13th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge