1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

JEFFREY L. WILSON,

                    Plaintiff,

        v.

STATE OF WASHINGTON, et al.,

                    Defendants.

CASE NO. C16-5366 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION TO
COMPEL

13

14

15

16

This matter comes before the Court on Jeffrey L. Wilson's ("Plaintiff") motion to compel discovery. Dkt. 33. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

17

**I. BACKGROUND**

18

19

20

21

22

On September 7, 2016, Plaintiff served Defendants with interrogatories and requests for production. Dkt. 34 at 2. On October 25, 2016, Defendants replied to the interrogatories, raising numerous objections. Dkt. 36 at 2. On November 15, 2016, the parties' attorneys met and conferred regarding a proposed stipulated protective order and Plaintiff asserted that the discovery responses were inadequate. Dkt. 34 at 2. On

1   November 16, 2016, the parties entered into a protective order regarding the disclosure

2   and filing of certain confidential records. Dkt. 32. On November 17, 2016, counsel for

3   Defendants stated in an email to Plaintiff's counsel that the requested discovery would be

4   issued in "rolling productions given the size the [sic] document production that will

5   happen." Dkt. 36 at 18.

6        On November 21 and 22, 2016, Defendants provided supplemental responses to

7   Plaintiff's discovery requests. Dkt. 34 at 3. On November 23, 2016, after an exchange of

8   emails, the parties' attorneys met and conferred regarding Defendants' supplemental

9   responses. *Id.*; Dkt. 36 at 2. After Plaintiff's counsel voiced concerns over the objections

10   raised by Defendants and the lack of organization to the produced documents, the parties'

11   attorneys agreed to meet and confer again on December 2, 2016. Dkt. 34 at 4. On

12   December 2, 2016, the parties met and conferred, and counsel for Defendants stated that

13   she would respond to the concerns of Plaintiff's counsel in correspondence by December

14   9, 2016. Dkt. 36 at 3.

15        On December 5, 2016, Defendants provided another supplemental response. Dkt.

16   34 at 4. On December 8, 2016, Plaintiff filed the instant motion to compel discovery. Dkt.

17   33. On December 9 and 19, 2016, Defendants again supplemented their discovery. Dkt.

18   36 at 3. On December 19, 2016, Defendants also responded to the motion to compel.[1]

19   Dkt. 35. On December 23, 2016, Plaintiff replied. Dkt. 23.

20

21        [1] On December 28, 2016, Defendants requested leave to file their over-length response
     brief. Dkt. 39. The Court grants that request. In the future, the Court requests that the parties seek

22   leave of the Court prior to the filing of over-length briefs. *See* W.D. Wash. Local Rules LCR 7.

1
## II. DISCUSSION

2        Plaintiff moves to compel discovery on its propounded interrogatories and four

3   specific requests for production. Dkt. 33 at 8–10. Under the discovery procedures set

4   forth in the Federal Rules, parties "may obtain discovery regarding any matter, not

5   privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v.*

6   *Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). If a party fails to produce requested

7   discovery, the requesting party may move for an order compelling disclosure. Fed. R.

8   Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery

9   should not be allowed, and has the burden of clarifying, explaining, and supporting its

10  objections." *Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash.

11  Feb. 12, 2015) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175

12  F.R.D. 646, 650 (C.D. Cal. 1997)).

13
### A.      Meet and Confer

14        Under Rule 37, a motion to compel "must include a certification that the movant

15  has in good faith conferred or attempted to confer with the person or party failing to make

16  disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P.

17  37(a)(1). *See also* LCR 37(a)(1). The parties' attorneys met and conferred telephonically

18  on multiple instances prior to the filing of this motion. Although counsel for Defendants

19  stated on December 2, 2016, that she would further respond to the concerns of Plaintiff's

20  counsel by correspondence, it is apparent that the parties have not resolved Plaintiff's

21  stated concerns, despite multiple telephonic conferences. The Court finds that the

22  telephonic conference that occurred on December 2, 2016, satisfied the meet and confer

1   requirement. Further, the declaration of Darryl Parker (Dkt. 34) satisfies the requirements

2   in LCR 37(a)(1) regarding a certification of compliance with the meet and confer

3   requirement.

4 **B.**     **Organization of Discovery Production**

5        Rule 33(d) allows parties to "answer an interrogatory by specifying records from

6   which the answers may be obtained and by making the records available for inspection."

7   *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th

8   Cir. 1983). Nonetheless, while Rule 33(d) protects parties from having to sift through

9   their business records to prepare the opposing party's case, it still requires that

10   responding parties specify relevant records "in sufficient detail to enable the responding

11   party to locate and identify them as readily as the responding party could." Fed. R. Civ.

12   P. 33(d)(1).

13        Additionally, Rule 33(d) does not supplant a party's duty to adequately label and

14   identify responsive documents under Rule 34. Rule 34(b)(2)(E)(i) states that "[a] party

15   must produce documents as they are kept in the usual course of business or must organize

16   and label them to correspond to the categories in the request." Fed. R. Civ. P.

17   34(b)(2)(E)(i). "Courts have recognized that organizing a production to reflect how the

18   information is kept 'in the usual course of business' may require the producing party to

19   include different identifying information according to the type of document or file

20   produced." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 585 (C.D.

21   Cal. 2011).

22

1
2
3
4

> While the specific information a producing party must provide when organizing a production "in the usual course of business" may vary in its details according to the type of document or file produced, it is clear that parties are entitled under the Federal Rules to rationally organized productions so that they may readily identify documents, including ESI, that are responsive to their production requests.

*Id.* at 585. While "[c]ourts are split on whether both Rule 34(b)(2)(E)(i) and Rule

5

34(b)(2)(E)(ii) apply to ESI productions or whether an ESI production must comply with

6

only Rule 34(b)(2)(E)(ii)," the most recent decisions examining both lines of cases

7

indicate that Rules 34(b)(2)(E)(i) and 34(b)(2)(E)(ii) should both apply to ESI

8

productions. *Mckinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-

9

2498-B, 2016 WL 98603, at *10 (N.D. Tex. 2016) (taking cases); *see also Quality*

10

*Manufacturing Systems, Inc. v. R/X Automation Solutions, Inc.*, No. 3:13-cv-00260, 2016

11

WL 1244697, at *6 (M.D. Tenn. 2016).

12

Defendants argue that discovery was "produced to [Plaintiff] in the manner it was

13

maintained by SCC in the ordinary course of business," Dkt. 35 at 15, but it appears that

14

they have produced thousands of pages of unorganized documents in response to

15

numerous interrogatories. The only indicator of organization is Kerri Jorgensen's

16

declaration that her "client maintained the SCC file in a *somewhat* chronological order . .

17

. [but] the file was not organized in any specific fashion and there were no titles or

18

categories delineated, nor was it grouped in a fashion that corresponded to his discovery

19

requests." Dkt. 36 at 3 (emphasis added). However, the documents produced in the earlier

20

installments of Defendants' "rolling" production, dated from 2001 to 2013, suggest that

21
22

the SCC file's contents are not being provided in "somewhat" of a chronological order. *See* Dkt. 33 at 6–7.

Defendants' production does not include any explanation on which documents are responsive to corresponding interrogatories or requests for production. Defendants do not provide any mechanism, such as a table of contents or summarization, whereby Plaintiff's counsel could locate and identify responsive documents as effectively as the Defendants. Accordingly, while Defendants claim that these documents were produced as kept "in the usual course of business," their response still falls short of their duties under Rules 34(b)(2)(E) and 33(d)(1). Some form of further organization or specification is required to signify that they have provided "rationally organized productions."

## C.   Privileges and Objections

To the extent that Defendants seek to claim any privilege, such as attorney-client privilege, the rules of civil procedure require that they "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Defendants have asserted numerous privileges, but there is no indication that they have complied with this requirement. Nonetheless, the Court addresses Defendants' objections and asserted privileges as follows:

### 1.   Lack of Possession, Custody, or Control of Documents

Defendants argue that they lack control or custody of information sought by Plaintiff. Specifically, they argue that the requested information is held by state agencies

1   not listed as a defendants. This argument is unavailing. *See Soto v. City of Concord*, 162

2   F.R.D. 603, 619 (N.D. Cal. 1995) ("The term 'control' includes the legal right of the

3   producing party to obtain documents from other sources upon demand.") (quotation

4   omitted). The State offers no substantive explanation why it cannot provide

5   documentation on the complaints that have been filed against it alleging civil

6   confinement without probable cause. Likewise, it appears that both the State and Doctor

7   Sziebert have authority to obtain documents regarding any State Agency investigation of

8   Doctor Sziebert.

9       **2.**    **Requests Involving Third-Party Medical Information**

10       Defendants are correct in asserting that the medical records of third parties

11   implicate a privilege. The Supreme Court has recognized a limited privacy interest in

12   protecting the confidentiality of medical records. *Whalen v. Roe*, 429 U.S. 589, 599–600

13   (1977). *See also Doe v. Attorney General of U.S.*, 941 F.2d 780, 795–96 (9th Cir. 1991).

14   Additionally, other privacy laws, like the Health Insurance Portability and Accountability

15   Act of 1996, suggest that the disclosure of such medical information may occur only after

16   the parties enter a protective order that "1) prohibits the parties from using or disclosing

17   the protected health information for any purpose other than the subject litigation; and 2)

18   requires the return to the healthcare provider or destruction of the protected health

19   information (including all copies made) at the end of the litigation." *Jadwin v. Cty. of*

20   *Kern*, No. 107CV-0026-OWW-TAG, 2008 WL 2025093, at *2 (E.D. Cal. May 9, 2008)

21   Nonetheless, Defendants bear the burden of supporting their objections with some degree

22   of specificity, and they have not made this argument. *See Brown v. Warner*, No. C09-

ORDER - 7

1  1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015); *Tornay v. United States*,

2  840 F.2d 1424, 1426 (9th Cir. 1988). Moreover, to the extent that any information is

3  privileged as it contains the private medical information of other persons in the State's

4  custody, it is possible that any privacy concerns might be overcome by redacting all

5  personal identifiers that would link the documents to a specific person and/or filing

6  documents under seal—as already allowed under the Court's local rules. *See* LCR 5(g);

7  LCR 5.2.

8  **3.   Relevance**

9  Complaints by other citizens regarding civil commitment without probable cause

10  are likely relevant to the constitutional adequacy of the State's involuntary commitment

11  procedures. *See* RFP 4. Requests for information on any state agency investigations of

12  Doctor Sziebart's practice of medicine are reasonably tailored to result in admissible

13  evidence regarding the constitutional adequacy of medical care provided to Plaintiff

14  when treated by Dr. Sziebert. *See* RFP 10. Complaints by other inmates regarding the

15  denial of adequate medical care are relevant to Plaintiff's *Monell* claim for his own

16  alleged denial of medical treatment. *See* RFP 11.

17  **D.   Request for Production 14**

18  Plaintiff's request for production no. 14 states: "Produce documentation of all

19  prisoners held for trial at the Special Commitment Center ("SCC") at McNeil Island [sic]

20  excess of the 45-day statutory period since January 2001." Defendants object to this

21  request for production on the basis that "the burden or expense of the proposed discovery

22  outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). In these determinations,

1  "[b]road discretion is vested in the trial court to permit or deny discovery . . . ." *Hallett v.*

2  *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294,

3  1305 (9th Cir. 1996)).

4        The Court agrees with Defendants. Unlike Plaintiff's other requests for

5  production, this broad request is clearly overbroad on its face. It is not tailored to any

6  specific aspects of Plaintiff's claims and will likely result in massive production efforts

7  and expenses. For instance, this broad request would include the complete records of any

8  prisoner who awaited trial for 46 days at the SCC on a court-granted continuance. Such

9  records are clearly not germane to Plaintiff's claim. Moreover, Plaintiff in no way defines

10  what type of "documentation" is sought. Such broad language encompasses every aspect

11  of a prisoner's custody and would require Defendants to sift through a vast quantity of

12  responsive but ultimately irrelevant records to identify privileged information. Therefore,

13  while it is likely that a portion of the requested documentation would have at least

14  minimal relevance to Plaintiff's claims, the burden and expense of production clearly

15  outweigh the benefit. The Court will not order Defendants to produce documents in

16  compliance with Plaintiff's fourteenth request for production.

17        Nonetheless, Plaintiff may narrow the scope of this request to identify specific

18  documents that would pertain to specific elements of his claim. The Court further notes

19  that Plaintiff could significantly reduce the costs and burdens imposed on Defendants by

20  requesting discovery in stages. For instance, Plaintiff could first request that Defendants

21  provide the number of prisoners held in excess of various periods. Plaintiff could also

22  request that Defendants identify prisoners who were held in excess of 45 days for various

1 specified reasons. Using this information, Plaintiff could request a relevant category of

2 documents from specific prisoners' files, thereby reducing Defendants' burden of

3 production and increasing the likely benefit.

4       Additionally, the Court notes the high unlikelihood that it will again find "the

5 burden or expense of the proposed discovery outweighs its likely benefit" when

6 Defendants' argument is based entirely upon attorney speculation. Fed. R. Civ. P.

7 26(b)(2)(C)(iii). In this rare occurrence, it was clear from the face of the request that

8 discovery would be overly burdensome. However, the Court will typically not relieve a

9 party of its discovery obligations on this basis absent some evidence that specifies, in

10 detail, the likely cost of production and how the propounded discovery would be overly

11 burdensome.

12 **E.**     **Timing of Discovery**

13       Plaintiff's requests for discovery are likely to yield significant discovery. While

14 Defendants' objections to requests for production numbers four, ten, and eleven are not

15 sustainable, the broad scope of the requests indicates that production of the requested

16 documents will take a significant amount of time. Therefore, the Court will not require

17 production within the next five days, as requested by Plaintiff. Instead, the Court orders

18 production within the next thirty days. Because the discovery deadline is scheduled for

19 August 7, 2017, Plaintiff will not be prejudiced by an extended timeline for a discovery

20 response. Defendants may move for a protective order pursuant to Rule 26(c)(1)(B),

21 setting forth specific argument on an appropriate time for disclosure, if thirty days will be

22 inadequate.

**F.      Sanctions**

Under Rule 37, the Court must award reasonable expenses associated with the

motion, including attorney's fees, if the moving party prevails. Fed. R. Civ. P. 37(a)(5).

*See also Brown*, 2015 WL 630926 at *6. However, the Court must not order this payment

if:

> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action; (ii) the opposing party's
> nondisclosure, response, or objection was substantially justified; or (iii)
> other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The party facing sanctions bears the burden of proving that

its failure to disclose the required information was substantially justified or is harmless. *R*

*& R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

The Court denies Plaintiff's request for monetary sanctions. Although the parties

were unable to resolve their disputes through telephonic conferences or written

correspondence, there is substantial evidence that Defendants have been attempting to

satisfy Plaintiff's extensive discovery requests in good faith. This evidence is presented

primarily in Defendants' numerous supplemental responses and the written

communications between the parties' counsel. *See* Dkt. 36. Accordingly, the Court finds

that circumstances make an award of monetary sanctions unjust.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to compel production

(Dkt. 33) is **GRANTED in part** and **DENIED in part** as stated above. Defendants'

motion to file an over-length brief (Dkt. 39) is **GRANTED**. Defendants shall respond to

1  Plaintiff's interrogatories and his fourth, tenth, and eleventh requests for production

2  within thirty (30) days from the date of this order.

3         Dated this 8th day of February, 2017.

4

5                                    _____
                                     BENJAMIN H. SETTLE
6                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 12