# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JEFFREY L. WILSON,

    Plaintiff,

 v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C16-5366 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART AND RESERVING RULING IN PART.

This matter comes before the Court on Plaintiff's motion to continue (Dkt. 59) and Defendants' pending motion for partial summary judgment (Dkt. 57). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby (1) denies Plaintiff's motion to continue, (2) grants in part and reserves ruling in part on Defendants' motion for partial summary judgment, and (3) requests additional briefing.

## I. BACKGROUND

On June 14, 2017, Plaintiff filed his third amended complaint in this action. Dkt. 54. Plaintiff asserts 42 U.S.C. § 1983 claims against Washington State ("State"), the Department of Social and Health Services ("DSHS"), Attorney General Bob Ferguson

("Attorney General"), Dr. Leslie Sziebert ("Sziebert"), and John Does arising from the length and conditions of his civil confinement. *Id.* Specifically, Plaintiff alleges that he was deprived of adequate medical care while civilly committed and that it was unconstitutional to confine him for approximately 12 years without obtaining a verdict at trial. *Id.*

On June 29, 2017, Defendants moved for summary judgment. Dkt. 57. On July 17, 2017, Plaintiff responded by moving to continue the motion for summary judgment to facilitate his ability to "marshal proof that RCW 71.09 is incapable of providing a constitutionally expedient method of determining whether a person should be involuntarily committed to the Special Commitment Center ["SCC"] at McNeil Island as a sex offender." Dkts. 59, 63. In his response, Plaintiff also conceded that the Court should dismiss his fourth claim for relief asserting a cause of action under § 1983 for an unlawful seizure. Dkt. 59 at 1.[1] On July 21, 2017, Defendants filed a reply on their motion for summary judgment and stated their opposition to Plaintiff's requested continuance. Dkt. 67. The Court concludes that Plaintiff's request for a continuance of the motion for partial summary judgment should be denied.

## II. DISCUSSION

Plaintiff has shown that he received 23,000 pages of discovery in unsearchable digital format after the filing of Defendants' motion for summary judgment. *See* Dkt. 63.

---

[1] The Court notes that Defendants have erroneously claimed the Plaintiff has conceded all of his § 1983 claims. Dkt. 67 at 1. It is plainly evident, however, that Plaintiff's concession is limited to his "§ 1983 claims against the State for unlawful seizure and arrest," Dkt. 59 at 1, which clearly does not encompass his § 1983 due process claims pertaining to the length or conditions of his civil confinement.

Plaintiff argues that this discovery includes documents relating to the trials and pretrial proceedings of other persons confined at the SCC and that further review of these records is necessary to show that provisions in RCW 71.09.050 allowing for the delay of civil commitment hearings are uniformly applied to proceedings at the SCC in an unconstitutional violation of the right to a speedy trial. But Plaintiff has not offered any explanation on how the evidence he seeks further time to review pertains to his claims that the State unconstitutionally applied RCW 71.09.050 in his own civil commitment proceedings.

In fact, it appears from Plaintiff's motion to continue that he is attempting to assert claims based on alleged violations of the rights of any or all persons that have been or are currently confined at the SCC in an "as applied" challenge to RCW 71.09.050. However, he plainly lacks standing to do so in an action for damages. "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Therefore:

> "Where a plaintiff challenges an ordinance based on the violation of third parties' rights . . . § 1983 damages are not available because there has been no violation of the plaintiff's own constitutional rights. A plaintiff may nonetheless seek damages by raising an as-applied challenge, asserting that the law is unconstitutional as applied to his own . . . conduct."

*Hunt v. City of Los Angeles*, 638 F.3d 703, 710 (9th Cir. 2011) (internal citations and quotations omitted). While there are limited exceptions to this general rule, this is clearly not a case where persons not party to the suit stand to lose by its outcome with no avenue

of preserving their rights for themselves, *see Eisenstadt v. Baird*, 405 U.S. 438, 444–46 (1972), nor is it a case asserting overbreadth in the context of the First Amendment, *see 4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1112 (9th Cir. 1999). Indeed, Plaintiff seeks only "general and special compensatory damages" for the allegedly unconstitutional length and conditions of his confinement. Dkt. 54 at 14–15.

Accordingly, Plaintiff's "as applied" substantive due process and speedy trial challenge must evaluate whether RCW 71.09.050 is unconstitutional as applied to his own personal confinement. *See Danh v. Demore*, 59 F. Supp. 2d 994, 998 (N.D. Cal. 1999) ("To prevail on an 'as applied' challenge, the petitioner need only show that the statute, *as applied to him*, is invalid.") (emphasis added); *Tsirelman v. Daines*, 19 F. Supp. 3d 438, 447–48 (E.D.N.Y. 2014), *aff'd*, 794 F.3d 310 (2d Cir. 2015) ("In an as-applied challenge, the question is whether the statute was unconstitutional as applied to the facts of the case."). Plaintiff's misunderstanding on this issue is best illustrated by his attempt in his complaint to bifurcate his "as applied" challenge and his § 1983 cause of action in its claims section. *See* Dkt. 54 at 8–10, 12–13. However, in an "as applied" challenge such as this, § 1983 is the statutory vehicle whereby Plaintiff is allowed to assert his "as applied" constitutional challenge to the conditions of his confinement in a claim for damages after the fact. *See Wilson v. Filson*, 298CV01174GMNPAL, 2017 WL 534350, at *11 (D. Nev. Feb. 9, 2017) ("[A]n as-applied challenge to . . . conditions of custody . . . must be brought as a civil rights action under 42 U.S.C. § 1983."). Accordingly, Plaintiff's § 1983 claims and his "as applied" challenge are one in the same

and allowing him to seek further information regarding the other prisoners' length of confinement will not help him resist Defendants' motion for summary judgment.

Additionally, it is futile for Plaintiff to argue that such evidence is necessary to support a *Monell* claim. While *Monell* liability does indeed turn on the existence of an official policy, practice, or custom of a local government, the State of Washington and its agencies are not persons subject to a damages suit under § 1983, nor are they entities subject to supervisory *Monell* liability. *Alvarado-Young v. Washington*, C15-5883-RBL, 2016 WL 7243753, at *4 (W.D. Wash. Dec. 15, 2016). Indeed, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Will v Michigan Department of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity.") "[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v Jordan*, 415 U.S. 651, 677 (1974) (internal citations omitted). Here, Plaintiff seeks only damages arising from the conditions and length of his confinement. Dkt. 54 at 14–15. Importantly, he does not seek the injunctive or declaratory relief that may enable him to pursue claims against the State and avoid Eleventh Amendment immunity to damages actions. Accordingly, the motion to continue this issue must be denied and the Court will enter summary judgment in favor of Defendants on Plaintiff's § 1983 claims against the State and DSHS.

Remaining before the Court are Plaintiff's claims against the individual Defendants. Apart from the issue of Eleventh Amendment immunity discussed above, Defendants have moved for summary judgment on Plaintiff's claims against the Attorney General. See Dkt. 57 at 19–23. While Defendants' motion raises serious hurdles for Plaintiff to overcome, such as prosecutorial immunity, qualified immunity, and an apparent lack of personal or supervisory involvement in Plaintiff's confinement, the Court will nonetheless reserve ruling on Plaintiff's claims against the Attorney General until Plaintiff has had an opportunity to submit supplemental briefing in order to adequately oppose summary judgment on these claims.

### III.  ORDER

Therefore, it is hereby **ORDERED** as follows:

(1)  Plaintiff's motion to continue summary judgment proceedings (Dkt. 59) is **DENIED**;

(2)  Defendants' motion for partial summary judgment (Dkt. 57) is **GRANTED in part** on Plaintiff's claims against the State of Washington and DSHS, as well as his claims asserting an unlawful arrest; and

(3)  The Court **RESERVES RULING in part** on Defendants' motion for partial summary judgment (Dkt. 57)—as it pertains to Plaintiff's claims against the Attorney General in his personal capacity—and **RENOTES** the motion for September 15, 2017.

In accordance with the above ruling, the Court also requests supplemental briefing regarding Plaintiff's claims against the Attorney General in his personal capacity.

Plaintiff may submit a supplemental response, to be filed no later than September 8, 2017. The supplemental response shall not exceed 14 pages. Defendants may submit a supplemental reply, to be filed no later than September 15, 2017. The supplemental reply shall not exceed 7 pages.

Dated this 23rd day of August, 2017.

BENJAMIN H. SETTLE
United States District Judge