UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY L. WILSON,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. C16-5366 BHS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND EXTENDING DEADLINES FOR SUPPLEMENTAL BRIEFS |

  This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. 71) of the Court's order entered on August 23, 2017 (Dkt. 70). The Court denies the motion for the reasons stated below.

  Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

  The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

*Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff ascribes to errors in the Court's previous order. First, Plaintiff indicates that the Court erroneously concluded that the State of Washington ("State") was entitled to Eleventh Amendment Immunity on Plaintiff's claims. Dkt. 71 at 3–6. Second, Plaintiff argues that the Court failed to consider the allegedly probative value of evidence that he will obtain through a continuance to further research the civil commitment proceedings of individuals other than himself. Dkt. 71 at 6–7.

On the first issue, Plaintiff has a point, although it does not justify altering the outcome of the Court's previous order. In its previous order, the Court stated:

> [T]he State of Washington and its agencies are not persons subject to a damages suit under § 1983, nor are they entities subject to supervisory *Monell* liability. *Alvarado-Young v. Washington*, C15-5883-RBL, 2016 WL 7243753, at *4 (W.D. Wash. Dec. 15, 2016). Indeed, "[t]he Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Will v Michigan Department of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity.") "[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v Jordan*, 415 U.S. 651, 677 (1974) (internal citations omitted). Here, Plaintiff seeks only damages arising from the conditions

> and length of his confinement. Dkt. 54 at 14–15. Importantly, he does not seek the injunctive or declaratory relief that may enable him to pursue claims against the State and avoid Eleventh Amendment immunity to damages actions. Accordingly, the motion to continue this issue must be denied and the Court will enter summary judgment in favor of Defendants on Plaintiff's § 1983 claims against the State and DSHS.

Dkt. 70 at 5. In reaching its conclusion to grant summary judgment in favor of the state of Washington, the Court cited authority on the State's Eleventh Amendment immunity to suit in federal courts. The Court's statement that Plaintiff "does not seek the injunctive or declaratory relief that may enable him to pursue claims against the State and avoid Eleventh Amendment immunity to damages actions" can be read to mistakenly conflate Eleventh Amendment immunity with Supreme Court precedent establishing that states are not persons under 42 U.S.C. § 1983.

Nonetheless, the Court ultimately entered summary judgment on Plaintiff's claims against the State because Plaintiff has exclusively brought § 1983 claims for damages and "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding is reaffirmed by the very authority that Plaintiff cites to show that the State waived its Eleventh Amendment immunity by removing this case to federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) ("Lapides' only federal claim against the State arises under 42 U.S.C. § 1983, that claim seeks only monetary damages, and we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted.") (citation omitted). Therefore, the Court's decision to grant summary judgment in favor of

the State does not warrant reconsideration.[1] The Court's citation to precedent regarding Eleventh Amendment immunity was intended to illustrate that (1) Plaintiff has asserted only 42 U.S.C. § 1983 claims for damages, which are not permitted against states, and (2) had Plaintiff wished to assert a constitutional challenge to RCW 71.09.050 other than a 42 U.S.C. § 1983 claim, he needed to pursue relief other than damages through the proper state procedures.

Regarding the second issue, the Court summarily rejects Plaintiff's argument and refers him to its previous order. Allowing Plaintiff to seek further information regarding the other prisoners' length of confinement will not help him to establish that his own confinement was a constitutional violation entitling him to damages under 42 U.S.C. § 1983 or to otherwise resist Defendants' motion for summary judgment.

Plaintiff's motion for reconsideration (Dkt. 71) is **DENIED**.

Additionally, the Court finds it expedient to extend the deadlines for the supplemental briefing requested by its previous order in light of its need to clarify aspects of that order on Plaintiff's motion for reconsideration. Therefore, the deadline for Plaintiff's supplemental response to the motion for summary judgment is extended to September 18, 2017. The deadline for Defendant's supplemental reply is extended to

---

[1] Notably, Plaintiff is inaccurate in his statement that he "filed four Tort Claims against the State of Washington and individual defendants, *citing state and federal claims*." Dkt. 71 at 3 (emphasis added). Plaintiff's complaint exclusively brought federal claims under 42 U.S.C. § 1983, as explained in the Court's previous order. *See* Dkts. 1-1, 53, 70. Accordingly, apart from Plaintiff's § 1983 claims, there are no other claims for damages against the State that the Court must consider in light of the State's waiver of its Eleventh Amendment immunity.

October 2, 2017. The Clerk shall **RENOTE** Defendants' motion for summary judgment (Dkt. 57) for consideration on October 2, 2017.

**IT IS SO ORDERED**.

Dated this 6th day of September, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge